UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
|
KENRICK FONCETTE, |
|
Petitioner, |
| NOT FOR PUBLICATION
-against- | ORDER
|
| 05 CV 3218 (CBA)
BUREAU OF IMMIGRATION & |
CUSTOMS ENFORCEMENT; DONALD |
MONICA, District Director of Immigration |
and Customs Enforcement, Middle District |
of Pennsylvania; MICHAEL J. GARCIA, |
the Assistant Secretary for Immigration and |
Customs Enforcement; and ALBERTO |
GONZALES, Attorney General of the |
United States |
|
Respondent(s). |
|
------------------------------------------------------X
AMON, UNITED STATES DISTRICT JUDGE

     Kenrick Foncette, a native citizen of Trinidad and Tobago, has petitioned this Court for relief from his current detention by the Bureau of Customs and Immigration Enforcement in York County Prison, Pennsylvania. He asserts that the Eastern District of New York is the proper venue under 28 U.S.C. 1391(e), because this is the district in which he resided prior to his detention and to which he intends to return should he prevail in the deportation proceedings brought against him. On September 9, 2005, Petitioner filed a motion with this Court for an emergency stay of deportation, alleging that he was not served with notice of a decision against him by the Board of Immigration Appeals until more than 30 days after the order of removal was issued, and thus is exposed to the risk of imminent deportation. The Petitioner also has moved

1

this Court to appoint counsel. The government, in response to Petitioner's initial habeas petition, argues that this Court lacks jurisdiction to hear the petition and should therefore dismiss it, or, in the alternative, transfer it to the Middle District of Pennsylvania, the district in which Petitioner is currently detained.

In response to Petitioner's motion for an emergency stay of deportation, the government asserts that the Board of Immigration Appeals reissued the decision in question on September 20, 2005 and ordered that such decision "be treated as entered as of today's date." The government argues that this renders moot Petitioner's request for an emergency stay of deportation, since the Petitioner may now seek review of that BIA decision in the appropriate court of appeals. The government informs the Court that the Petitioner is not scheduled for removal during the thirty-day period in which he may seek such review.

The government argues in the alternative that the Court should treat the Petitioner's request for a stay of deportation as a new challenge to the lawfulness of his administratively final removal order, and should then dismiss it for lack of jurisdiction pursuant to section 106(a) of the REAL ID Act of 2005 ("RIDA"), Pub. L. No. 109-13, Div. B, § 106, 119 Stat. 231 (May 11, 2005) as codified at 8 U.S.C. § 1252(a).

**Discussion**

The Petitioner has not directly challenged his deportation order before us, nor could he. 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act."); id. (b)(2) ("The petition for

review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."). The immigration court which rendered a final order of removal against Petitioner sits in York, Pennsylvania. Therefore, Petitioner must bring any challenge to that order in the United States Court of Appeals for the Third Circuit.

The Petitioner does seek an emergency stay of deportation, on the ground that he was not properly served with the decision against him by the Board of Immigration Appeals until the time to seek review of that decision had nearly run out. The Board of Immigration Appeals has subsequently reissued the opinion, and directed that it be treated as if issued on September 20, 2005. The government has further informed the Court that the Petitioner is not scheduled for removal within the thirty days during which Petitioner may seek review of that decision by the Board of Immigration Appeals. Thus, the special circumstances which Petitioner alleged supported an emergency stay no longer exist, and his request therefore is denied as moot. The Petitioner is cautioned, however, that if such a request for a stay of deportation is brought again, it must be brought in the court which has jurisdiction over the final order of removal. In this case, that is the United States Court of Appeals for the Third Circuit.

The Petitioner has also asked for relief from his current detention, which this Court lacks jurisdiction to grant. District courts may only grant habeas relief "within their respective jurisdictions." 28 U.S.C. 2241(a). The Supreme Court has held this to mean that, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 532 (2004). Here, the Petitioner only challenges his present confinement in York County Prison, outside of this district. This Court therefore lacks jurisdiction to hear his petition. Jin Dong Deng v. Garcia, 352 F. Supp. 2d

373, 375 (E.D.N.Y. 2005) (holding "immediate physical custodian" rule of Padilla applies, and jurisdiction limited to district court of district of confinement, when petitioner challenges only present confinement, not order of removal); Drakoulis v. Ashcroft, 356 F. Supp. 2d 367, 371 (S.D.N.Y. 2005) (same).

The Court therefore transfers the petition to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1631. Petitioner's request that counsel be appointed is denied as moot.

**Conclusion**

For the foregoing reasons, the Petitioner's request for an emergency stay of the final order of removal issued against him is denied. The Petitioner is directed to make any future such requests of the United States Court of Appeals for the Third Circuit. The Petitioner's habeas petition for relief from his present confinement is transferred to the United States District Court for the Middle District of Pennsylvania. His request for appointment of counsel is denied as moot.

SO ORDERED.

           CAROL B. AMON
           United States District Judge

Dated: Brooklyn, New York
      September 22, 2005